UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

## CIVIL RIGHTS COMPLAINT FORM
### TO BE USED BY PRISONERS IN ACTIONS UNDER 42 U.S.C. § 1983

WATKINS, ERIC,

Inmate # 07-002280

(Enter full name of Plaintiff)

vs.

CASE NO: 5:07CV253-RH/MD
(To be assigned by Clerk)

PONTE, JOSEPH (WARDEN CCA)
RODRIGUEZ, OLMO (ASST. WARDEN CCA)
ANGLIN, RICK (CONTRACT MONITOR)
DUFREES, MARK (CCA INVESTIGATOR),

(Enter name and title of each Defendant.
If additional space is required, use the
blank area below and directly to the right.)

**ANSWER ALL QUESTIONS ON THE FOLLOWING PAGES:**

OFFICE OF CLERK
U.S. DISTRICT CT.
NORTHERN DIST. FLA.
PANAMA CITY, FLA.

2007 OCT 24  PM 1:39

KMc

FILED

I. **PLAINTIFF:**

State your full name, inmate number (if applicable), and full mailing address in the lines below.

Name of Plaintiff: ERIC WATKINS
Inmate Number: 07-002280
Prison or Jail: BAY COUNTY JAIL ANNEXX
Mailing address: 5600 NEHI RD.
PANAMA CITY, FLORIDA
32404

II. **DEFENDANT(S):**

State the name of the Defendant in the first line, official position in the second line, place of employment in the third line, and mailing address. Do the same for every Defendant:

(1) Defendant's name: PONTE, JOSEPH
    Official position: WARDEN CCA
    Employed at: CCA
    Mailing address: 5600 NEHI RD.
    PANAMA CITY, FL 32404

(2) Defendant's name: RODRIGUEZ, OLMO
    Official position: ASST. WARDEN
    Employed at: CCA
    Mailing address: 5600 NEHI RD.
    PANAMA CITY, FL 32404

(3) Defendant's name: ANGLIN, RICK
    Official position: CONTRACT MONITOR
    Employed at: CCA
    Mailing address: 5600 NEHI RD.
    PANAMA CITY, FL 32404

(4) SEE ATTACHED

**ATTACH ADDITIONAL PAGES HERE TO NAME ADDITIONAL DEFENDANTS**

2

## II. DEFENDANT(S) (continued)                         CASE NO: _____

(4)  Defendant's name:    DUFREES, MARK
     Official position:     CCA INVESTIGATOR
     Employed at:          CCA
     Mailing address:      5600 NEHI RD.
                            PANAMA CITY, FL 32404

### III. EXHAUSTION OF ADMINISTRATIVE REMEDIES

**Exhaustion of administrative remedies is required prior to pursuing a civil rights action regarding conditions or events in any prison, jail, or detention center. 42 U.S.C. § 1997e(a). Plaintiff is warned that any claims for which the administrative grievance process was not completed prior to filing this lawsuit may be subject to dismissal.**

### IV. PREVIOUS LAWSUITS

NOTE: FAILURE TO DISCLOSE **ALL** PRIOR CIVIL CASES MAY RESULT IN THE DISMISSAL OF THIS CASE. IF YOU ARE UNSURE OF ANY PRIOR CASES YOU HAVE FILED, THAT FACT MUST BE DISCLOSED AS WELL.

A. Have you initiated other actions in **state court** dealing with the same or similar facts/issues involved in this action?
Yes( )   No( ✓ )

1. Parties to previous action:
   (a) Plaintiff(s): _____
   (b) Defendant(s): _____
2. Name of judge: _____   Case #: _____
3. County and judicial circuit: _____
4. Approximate filing date: _____
5. If not still pending, date of dismissal: _____
6. Reason for dismissal: _____
7. Facts and claims of case: _____

**(Attach additional pages as necessary to list state court cases.)**

B. Have you initiated other actions in **federal court** dealing with the same or similar facts/issues involved in this action?

Yes( )   No( ✓ )

1. Parties to previous action:
   a. Plaintiff(s): _____
   b. Defendant(s): _____
2. District and judicial division: _____
3. Name of judge: _____   Case #: _____
4. Approximate filing date: _____
5. If not still pending, date of dismissal: _____
6. Reason for dismissal: _____

3

7. Facts and claims of case: _____

_____

**(Attach additional pages as necessary to list other federal court cases.)**

C. Have you initiated other actions (*besides those listed above in Questions (A) and (B)*) in **either state or federal court** that relate to the fact or manner of your incarceration (including habeas corpus petitions) or the conditions of your confinement (including civil rights complaints about any aspect of prison life, whether it be general circumstances or a particular episode, and whether it involved excessive force or some other wrong)?

Yes(  )            No(✓)

If YES, describe each action in the space provided below. If more than one action, describe all additional cases on a separate piece of paper, using the same format as below.

1. Parties to previous action:
   a. Plaintiff(s): _____
   b. Defendant(s): _____
2. District and judicial division: _____
3. Name of judge: _____ Case #: _____
4. Approximate filing date: _____
5. If not still pending, date of dismissal: _____
6. Reason for dismissal: _____
7. Facts and claims of case: _____

_____

**(Attach additional pages as necessary to list cases.)**

D. Have you ever had any actions in **federal court** dismissed as frivolous, malicious, failing to state a claim, or prior to service? If so, identify each and every case so dismissed:

Yes(  )            No(✓)

1. Parties to previous action:
   a. Plaintiff(s): _____
   b. Defendant(s): _____
2. District and judicial division: _____
3. Name of judge: _____ Case Docket # _____
4. Approximate filing date: _____ Dismissal date: _____
5. Reason for dismissal: _____

4

6.  Facts and claims of case: _____

_____

**(Attach additional pages as necessary to list cases.)**

## V.  STATEMENT OF FACTS:

State briefly the FACTS of this case. Describe how each Defendant was involved and what each person did or did not do which gives rise to your claim. In describing what happened, state the names of persons involved, dates, and places. Do not make any legal arguments or cite to any cases or statutes. You must set forth separate factual allegations in separately numbered paragraphs. You may make copies of this page if necessary to supply all the facts. Barring extraordinary circumstances, no more than five (5) additional pages should be attached. **(If there are facts which are not related to this same basic incident or issue, they must be addressed in a separate civil rights complaint.)**

SEE ATTACHED

## VI.  STATEMENT OF CLAIMS:

State what rights under the Constitution, laws, or treaties of the United States you claim have been violated. Be specific. Number each separate claim and relate it to the facts alleged in Section V. **If claims are not related to the same basic incident or issue, they must be addressed in a separate civil rights complaint.**

SEE ATTACHED

## VII.  RELIEF REQUESTED:

State briefly what relief you seek from the Court. Do not make legal arguments or cite to cases/ statutes.

SEE ATTACHED

**I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING STATEMENTS OF FACT, INCLUDING ALL CONTINUATION PAGES, ARE TRUE AND CORRECT.**

10/22/07
(Date)

_____
(Signature of Plaintiff)

**IF MAILED BY PRISONER:**

I declare (or certify, verify, or affirm) under penalty of perjury that this complaint was (check one): ☐ delivered to prison officials for mailing or ☒ deposited in the prison's internal mail system on: the 22ND day of October, 2007.

_____
(Signature of Plaintiff)

Revised 03/07

7

**V. STATEMENT OF FACTS**                                              CASE NO: _____

As of the date this statement is prepared, I am an in custody as an inmate of the Bay County, Florida Jail Annex located at 5600 Nehi Road, Panama City, Florida. The jail facility is operated by a private company named Corrections Corporation of America (CCA) under a contract with the Bay County Board of County Commissioners. Mr. Joseph Ponte is the warden. Mr. Olmo Rodriquez is the assistant warden. Both the warden, and the assistant warden are aware of the circumstances of my case.

I was sentenced on 03-21-2007 by the Bay County, Florida Circuit/ County Court to 270 days incarceration in the county jail and remanded to the custody of CCA.

I was classified to work as an inmate by CCA and performed work as required. According to the CCA inmate handbook, working as an inmate entitled me to gain time/ work credit of 10 days reduction of my sentence for every 30 days I worked without being disciplined. I was never officially disciplined. I was never formally informed that my gain time had been taken away, or was being considered for being taken away from me. The CCA inmate handbook provides for a hearing for an inmate if his gain time is subject to being taken away. I was never a party to a CCA hearing involving my gain time.

With the maximum award of gain time, I fully expected to be released on 8-28-2007, but was not. On the day I was supposed to be released, I wrote a letter of protest to Mr. Rick Anglin, Contract Monitor for CCA, and inquired why I had not been released and why my gain time had been taken without a hearing. I asked for records of any hearing of an adjustment committee to take away my gain time. Approximately two weeks later, Mr. Anglin verbally informed me he had decided to take away all of my gain time (3 months) because of an incident on July 8th, 2007. I asked to be able to make my grievance to Mr. Ponte, the warden, but Mr. Anglin refused to allow that saying the matter was closed. I know the warden was aware of my claim because my wife had complained to Jonathan Wilson, a city commissioner for Panama City. Mr. Wilson visited me in Jail and subsequently spoke to jail officials to investigate the particulars of my case. So, I know the warden and assistant warden was apprised of the issue. No further administrative remedy is available to me. CCA officials refuse to give me access to formal grievance procedures.

On July 8th, 2007, an inmate known to me as Mr. Ross, approached me and asked if I had a problem with him. I responded, "No." Mr Ross then he hit me with an aluminum crutch on my arm. A piece of the crutch broke off, punctured my arm and remained lodged there causing great pain to me. Corrections Corporation of America (CCA) officials had to take me to Bay Medical Center emergency room to have the piece of crutch removed from my arm. When I returned from the hospital to the jail, I spoke to Lt. Maze of CCA, and she said I should press charges against Mr. Ross. I was placed in segregated confinement (lockdown). The next day a CCA investigator Mr. Mark Dufrees contacted me about the incident with Mr. Ross but refused to allow me access to law enforcement to press charges against Mr. Ross. Later, a CCA officer named Sgt. Mix informed me that a hearing had been held, I had been found guilty, and that my gain time had been taken. Sgt. Mix informed me, I had been placed in segregation for cool down only and she had not expected me to forfeit any gain time. I did not attend any such hearing, nor was I afforded the opportunity to defend any charges.

I have continued to work as an inmate since my return to the general population. I am scheduled to be released November 16, 2007 after serving my full sentence. The 80 days gain time forfeited was not only gain time up to the time of the incident with Mr. Ross, but also includes new gain time earned after the incident.

## VI. STATEMENT OF CLAIMS                              CASE NO: _____

My civil rights have been violated. Under the 14th Amendment of the Constitution of the United States, I was deprived of due process afforded me by the CCA handbook as it relates to conduct of a hearing to determine if my gain time should be taken away. I have been falsely imprisoned and deprived of my personal freedom on at least two occasions. One related to the incident of July 8th 2007 where I was not given my due process, and again since that time having continued to work, but not given any gain time. Work time is given in exchange for working. I was deprived of work time I had earned that should not have been subject to forfeiture after it was earned. This is akin to paying someone for work performed, and later forcing them to refund the payment without just cause.

Under the 6th Amendment, Confrontation clause, I was not allowed to face my accusers in a hearing and I was denied access to law enforcement to press charges against Mr. Ross as my assailant.

This has caused immeasurable mental anguish for both me and members of my family and undeterminable economic damage.

## VII. RELIEF REQUESTED:

Award of one thousand dollars per day of incarceration beyond earned gain time for a total of eighty thousand dollars ($80,000). Award of additional punitive damages for violation of my civil rights.

DATE: 10/22/07

ERIC WATKINS, PLAINTIFF