IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

ERIC WATKINS,
        Plaintiff,

vs.                                    5:07cv253/RH/MD

JOSEPH PONTE, et al
        Defendants.

---

**REPORT AND RECOMMENDATION**

Plaintiff has filed a civil rights complaint (doc. 1) pursuant to 42 U.S.C. § 1983 and an application to proceed *in forma pauperis*. Because plaintiff was released from custody pending the court's ruling on his motion to proceed *in forma pauperis*, he was directed to file another motion on the form for non-prisoners if he wished to proceed with this litigation. He has failed to do so. In any event, upon review of the allegations in the plaintiff's complaint, it appears that this case is subject to dismissal.

In his complaint, plaintiff names as defendants Joseph Ponte, Olmo Rodriguez, Rick Anglin and Mark Dufrees, all employed at the Bay County Jail Annex. The essence of plaintiff's claim is that gain time was improperly taken from him after an altercation with another inmate, and his release date was delayed by eighty days. He also claims that he was prevented from pressing charges against the inmate. Plaintiff seeks $1,000 in damages per day, as well as unspecified punitive damages.

Plaintiff's claim regarding his gain time is not actionable under section 1983 since it is in the nature of habeas corpus. The Supreme Court stated in *Preiser v. Rodriguez*, 411 U.S. 475, 490, 93 S.Ct. 1827, 1836, 36 L.Ed.2d 439 (1973), that "Congress has determined that habeas corpus is the appropriate remedy for state prisoners attacking the validity of the fact or length of their confinement, and that specific determination must

override the general terms of § 1983." Claims for restoration of gain time credit are properly treated as requests for habeas corpus relief. *Id*. at 489-90; *McKinnis v. Mosley*, 693 F.2d 1054, 1056-57 (11th Cir. 1982); *Johnson v. Hardy*, 601 F.2d 172, 173 (5th Cir. 1979). Regardless of the label plaintiff may place on the action, any challenge to the fact or duration of a prisoner's confinement is properly treated as a habeas corpus claim. *Prather v. Norman*, 901 F.2d 915, 918-19 n.4 (11th Cir. 1990) (per curiam); *McKinnis*, 693 F.2d at 1057. Additionally, 28 U.S.C. § 2254(b) requires that before a federal court may consider a petition for writ of habeas corpus, a state prisoner must first present to the state courts for consideration each issue upon which the petitioner seeks review in federal court. *Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982); *Picard v. Connor*, 404 U.S. 270, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971). The remedy of an extraordinary petition, specifically, a writ of mandamus or of habeas corpus, is available in the Florida Courts for plaintiff to pursue relief for his gain time issues. *See* FLA. CONST., art. V, § 5; FLA. R. CIV. P. 1.630, FLA. R. APP. P. 9.100. Further, plaintiff may file an appeal at the state level from an adverse decision of the lower court in this matter. *See* FLA. CONST., art. V, § 4; FLA. R. APP. P. 9.110.

Based upon the Supreme Court decision in *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), the claim should be dismissed. The Court in *Heck* stated that an action under section 1983 that by its nature challenges the lawfulness of a conviction or sentence is not cognizable unless and until the sentence or conviction is "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Id*. at 486-487, 114 S.Ct. at 2372. Such actions would include those in which the plaintiff seeks damages directly attributable to his conviction or confinement, plaintiff must negate an element of the offense of which he has been convicted in order to prevail, or plaintiff contends that the statute under which he was convicted is unconstitutional. *Id.; Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003); cf. *Porter v. White*, 438 F.3d 1294 (11th Cir. 2007) (plaintiff brought § 1983 action after criminal conviction was overturned due to *Brady* violation). Absent such an invalidation, the section 1983 suit must be dismissed. *Heck*, 512 U.S. at 486-487, 114

S.Ct. at 2372; see also *Harden v. Pataki*, 320 F.3d 1289, 1295 (11th Cir. 2003); *Hughes*, 350 F.3d at 1160. The holding in *Heck* is applicable to the instant claim where the plaintiff challenges the taking of his gain time credits. See *Miller v. Indiana Dept. of Corrections*, 75 F.3d 330, 331 (7th Cir. 1996); *Schafer v. Moore*, 46 F.3d 43, 45 (8th Cir. 1995); *Best v. Kelly,* 39 F.3d 328, 330 (D.C.Cir. 1994).[1] Thus, this claim should be dismissed without prejudice to its refiling in the event the plaintiff seeks and obtains an invalidation of the disciplinary action against him.

Accordingly, it is respectfully RECOMMENDED:

That this cause of action be dismissed without prejudice.

At Pensacola, Florida, this 3rd day of January, 2008.


/s/ *Miles Davis*
**MILES DAVIS
UNITED STATES MAGISTRATE JUDGE**


**NOTICE TO THE PARTIES**

Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy thereof. **Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.** A copy of objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings. See 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).

---

[1] Although *Heck* involved a claim for damages which, if proven, would cast doubt on the plaintiff's conviction, claims for the restoration of gain time or damages for the deprivation of gain time credits are encompassed by the opinion. Discussing *Wolff v. McDonnell*, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974), the Court in *Heck* recognized that a claim for damages attacking only the disciplinary procedures themselves and not necessarily impacting upon the loss of gain time credits could proceed under section 1983. However, the Court reaffirmed that inmates cannot recover damages for the actual loss of gain time credits without first invalidating the disciplinary action through habeas corpus or similar means. 114 S.Ct. at 2369-2370. Although plaintiff has been released, his claim asserts his entitlement to damages due to the length of his confinement, and it is therefore subject to the holding in *Heck*.