**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION**

ERIC WATKINS,

        Plaintiff,

v.                                      CASE NO.  5:07cv253-RH/MD

JOSEPH PONTE, et al.,

        Defendants.

_____/

## <u>ORDER OF DISMISSAL</u>

       This is a civil action that, if successful, would call into question the validity of the state's revocation of the plaintiff's gain time.  Under the *Heck-Balisok* doctrine, if the plaintiff is in "custody" within the meaning of the principles governing the availability of a writ of habeas corpus, he must seek relief by habeas petition, and this civil action must be dismissed.  *See Heck v. Humphrey*, 512 U.S. 477, 487, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994); *Edwards v. Balisok*, 520 U.S. 641, 648-49, 117 S. Ct. 1584, 137 L. Ed. 2d 906 (1997).  The governing principles are set forth more fully in the magistrate judge's report and recommendation (document 12), to which plaintiff has not objected, and in the order of March 21,

2008 (document 13).

The order of March 21 directed the plaintiff to file by April 25, 2008, a statement indicating whether he is still under supervision pursuant to the underlying conviction (and thus still in "custody"). The order said that the complaint would be dismissed unless the plaintiff filed the required statement. The plaintiff has not filed the required statement—probably because he is in fact under supervision and thus still in "custody." In any event, the complaint should now be dismissed, either under *Heck* or because of the plaintiff's failure to comply with an order of the court (by failing to file the required statement).

Accordingly,

IT IS ORDERED:

The report and recommendation is ACCEPTED and adopted as the further opinion of the court. The clerk must enter judgment stating, "This action is DISMISSED without prejudice." The clerk must close the file.

SO ORDERED on June 13, 2008.

s/Robert L. Hinkle
Chief United States District Judge